# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3759 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Central States, Southeast and Southwest Areas Pension Fund vs. Nu-Way Service Station, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant Nu-Way Service Station, Inc.'s motion to set aside entry of default [15] is denied. In-court ruling set for January 27, 2011 is stricken.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

After defendant Nu-Way Service Station, Inc. ("Nu-Way") failed to file an answer in this case, I granted plaintiff's motion for entry of default judgment on August 5, 2010. On November 23, 2010, Nu-Way filed a motion to set aside the entry of default, explaining that the owner of Nu-Way failed to participate in this case because his wife was critically ill and died in October 2010. On December 1, 2010, the parties appeared before me and I indicated that in order to set aside the default, Nu-Way would need to submit a supplement to the court explaining what its valid defense to the lawsuit was. I explained that without a statement from Nu-Way concerning its defense to the allegations against it, I was not going to set aside the default. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (court must consider three-prong test in considering motions to set aside entry of default which requires defaulting party to demonstrate: (1) good cause for its default; (2) quick action to correct the entry of default; and (3) a meritorious defense to plaintiff's complaint). Despite indicating in court that such a statement would be filed by December 23, 2010, Nu-Way has not submitted anything to the court. As a result, I deny Nu-Way's motion to set aside the entry of default [15].

Courtroom Deputy Initials: